# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Keith A. Sims, #314569, ) | |
| ) | Civil Action No.: 1:14-cv-04661-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Robert Stevenson, Warden, Broad River ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Keith Sims ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel, defective indictment, and lack of subject matter jurisdiction. (ECF No. 1). This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 17) and Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (ECF No. 21).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva Hodges, for pre-trial handling. On November 30, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 40). This review considers Petitioner's Objections to Report and Recommendation ("Objections"), filed February 12, 2016. (ECF No. 49).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 40). The court will only recite herein facts pertinent to the

1

analysis of Petitioner's Objections.

Petitioner is currently incarcerated at the Broad River Correctional Institution within the South Carolina Department of Corrections ("SCDC").

In February 2004, the Richland County Grand Jury issued an indictment charging Petitioner with murder. (ECF No. 40 at 3). A jury trial was held on March 20-24, 2006, before the Honorable G. Thomas Cooper, Jr. (*Id.*). The jury found Petitioner guilty as charged, and Petitioner was sentenced to 40 years imprisonment. (*Id.*) On October 22, 2007, Petitioner, represented by appellate counsel, filed a direct appeal of his conviction and sentence in the South Carolina Court of Appeals raising only one issue: whether the trial judge committed reversible error by allowing a State's witness to testify that a third party told her Petitioner "murdered somebody." (*Id.*) On April 17, 2008, the Court of Appeals filed a decision affirming the conviction. Subsequently, on May 22, 2008, the Court of Appeals denied Petitioner's request for rehearing. (*Id.* at 4). On August 12, 2008, Petitioner filed a petition for writ of certiorari. The South Carolina Supreme Court granted certiorari on March 19, 2009. The Supreme Court issued an order on May 17, 2010, affirming in result the Court of Appeals decision affirming Petitioner's conviction. (*Id.*)

Subsequently, on March 21, 2011, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was dismissed on October 18, 2012, following an evidentiary hearing. (*Id.*). On November 15, 2012, Petitioner filed a motion to alter or amend the order of dismissal. (*Id.* at 5). The motion to alter or amend was denied on February 13, 2013. Petitioner, through counsel, timely filed a *Johnson*[1] petition for writ of certiorari. Petitioner also filed a pro se brief on November 14, 2013, raising additional issues. (*Id.*) On September 11, 2014, the South Carolina

---

[1] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

Supreme Court issued an order denying the petition and relieving counsel of the duty to represent Petitioner. (*Id.* at 6)

Petitioner filed the instant habeas Petition on December 9, 2014, alleging nine grounds for relief: (1) due process violation and ineffective assistance of counsel for allowing a state's witness to testify to a non-testifying third party's hearsay statement; (2) due process violation and ineffective assistance of counsel for Petitioner being constitutionally deprived of the ability to put forth a complete defense; (3) ineffective assistance of counsel for failing to object to the State's closing argument which evaluated the credibility of witnesses against the defendant; (4) defective indictment and prosecutorial misconduct; (5) ineffective assistance of counsel for failing to object to admission of irrelevant evidence and failure to move for a mistrial after evidence was disallowed; (6) ineffective assistance of counsel for failing to object to a burden shifting jury instruction; (7) ineffective assistance of counsel for failing to object to testimony on Petitioner's invocation of his constitutional rights; (8) ineffective assistance of counsel for failing to move to dismiss the case for lack of subject matter jurisdiction and personal jurisdiction; and (9) ineffective assistance of post-conviction relief counsel for failure to pursue certain claims. (ECF No. 1 at 6-11, 16-20). Respondent filed a Motion for Summary Judgment and Return and Memorandum of Law in Support of Motion for Summary Judgment on April 20, 2015. (ECF Nos. 17, 18). On August 12, 2015, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the time period for filing a response. (ECF No. 30). Petitioner filed a response in opposition on August 12, 2015. (ECF No. 39).

On November 30, 2015, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion, dismiss the Petition, and deny Petitioner's Motion to Amend. (ECF

No. 40.) The Magistrate Judge found that Grounds One, Two, and Eight are procedurally barred because Petitioner failed to raise them properly throughout earlier stages of review. (*Id.* at 17). Specifically, the Magistrate Judge found that Grounds One and Two are challenges to evidentiary rulings by the trial court, and because Petitioner failed to raise them on direct appeal, they are procedurally barred from federal habeas review. Alternatively, the Magistrate Judge found that Grounds One and Two are procedurally barred because they address state law issues. The Magistrate Judge also found that Ground Eight is procedurally barred because Petitioner did not raise it in his PCR appeal. (*Id.* at 18). The Magistrate Judge determined that Petitioner could not demonstrate prejudice for the default or that a miscarriage of justice would result from the court's failure to review Petitioner's procedurally defaulted claims. (*Id.* at 19-20).

With respect to Ground Three—ineffective assistance of counsel for failing to object to the solicitor's closing argument—the Magistrate Judge determined that Petitioner cannot demonstrate that the PCR court unreasonably misapplied the law in rejecting Petitioner's claims for ineffective assistance of counsel. Further, the Magistrate Judge determined that in light of the weight of the evidence and the extent of the solicitor's comments, the comments made by the solicitor did not render Petitioner's trial fundamentally unfair. Additionally, the Magistrate Judge noted that Petitioner has failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel objected. (*Id.* at 23). Thus, the Magistrate Judge found that Petitioner failed to carry his burden to demonstrate that the PCR court misapplied the law regarding ineffective assistance of counsel.

In Ground Four, Petitioner alleges that his indictment was defective because the grand jury did not meet during the term of court stamped on the indictment. The Magistrate Judge determined that state indictments and state court subject matter jurisdiction are not cognizable on federal

4

review.  (*Id.*)  Thus, the Magistrate Judge recommends that this court grant summary judgment in favor of Respondent as to Ground Four.  (*Id.* at 24).

In Ground Five, Petitioner asserts that his trial counsel was ineffective for failing to object to the trial court's admission of irrelevant evidence and for failing to move for a mistrial once the evidence was disallowed. The Magistrate Judge's review of the record indicates that trial counsel testified that she objected when the solicitor introduced the ammunition into evidence, but the evidence was admitted over her objection. (*Id.* at 24).  Further, the Magistrate Judge agreed with the PCR court's determination that trial counsel's failure to request a curative instruction or move for a mistrial was not objectively unreasonable. (*Id.* at 26).  The Magistrate Judge determined that the Petitioner cannot carry his burden to demonstrate that the PCR court unreasonably applied federal law in deciding his ineffective assistance of counsel claim.  (*Id.* at 26).

In Ground Six, Petitioner alleges that his counsel was ineffective for failing to object to a burden shifting jury instruction that allowed the jury to infer malice from the use of a deadly weapon. (*Id.* at 27).  The PCR court determined that the charge was appropriate based on the law in place at the time of Petitioner's trial. (*Id.* at 28).  The Magistrate Judge agreed, and determined that Petitioner cannot show that the PCR court's analysis of the issue misapplied clearly established federal law.  (*Id.* at 29).

With respect to Ground Seven—ineffective assistance of counsel for failing to object to testimony on Petitioner's invocation of his constitutional rights—the Magistrate Judge found that the PCR court did not unreasonably apply federal law.  The PCR court found that trial counsel's decision not to object to witness testimony indicating Petitioner asked for a lawyer was a reasonable trial strategy because it "bolstered Petitioner's defense theory that he was traumatized and shot the victim out of fear for his life." (*Id.* at 31).  The Magistrate Judge determined that

5

courts must be wary of second guessing trial counsel's tactics where counsel articulates a valid reason for employing the strategy and the conduct is not objectively reasonable under the circumstances. (*Id.*)  Accordingly, the Magistrate Judge concluded that Petitioner has failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination given the evidence and record before it.  (*Id.*)

In Ground Nine Petitioner alleges that his PCR counsel was ineffective for failing to pursue a claim of ineffectiveness of appellate counsel.  The Magistrate Judge determined that the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in proceedings that led to Petitioner's conviction. (*Id.* at 32).  Federal review does not extend to the Petitioner's collateral proceedings.  Accordingly, the Magistrate Judge determined that Ground Nine should be denied and dismissed with prejudice.  (*Id.*)

Finally, the Magistrate Judge determined that Petitioner's Motion to Amend (ECF No. 21) should be denied as futile.

Petitioner timely filed his Objections on February 12, 2016.[2]  (ECF No. 49.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or

---

[2] On February 1, 2016, the court entered a text order granting Petitioner's Motion for Extension of Time to File Response.  (ECF No. 47).

modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner filed extensive Objections, largely consisting of detailed explanations of relevant case law.  With respect to Grounds Three, Four, Five, Six, Seven, and Nine, Petitioner does not properly object to the Magistrate Judge's findings of fact or conclusions of law. Furthermore, Petitioner does not object to the Magistrate Judge's finding that his motion to amend is futile. However, with respect to Grounds One, Two, and Eight—the procedurally barred grounds— Petitioner objects to the Magistrate Judge's findings that he did not properly preserve these

grounds for habeas review.  Petitioner asserts that Ground Two was properly presented to the PCR court and later raised in his *Johnson* petition. (ECF No. 49 at 15-16).  Further, Petitioner asserts that Ground Eight was ruled on by the PCR judge in his motion to alter or amend, and that he raised the issue in his Johnson petition.  (*Id.* at 51).  Finally, Petitioner repeatedly states that he is unsure whether the court made a finding of procedural bypass because he did not have access to a federal record (*Id.* at 11).

Although Petitioner has outlined his objections to the Report in great detail, with respect to Grounds Three, Four, Five, Six, Seven, and Nine, Petitioner has failed to demonstrate how the Magistrate Judge's reasoning is incorrect. Petitioner has also failed to demonstrate that the Magistrate Judge's conclusion with respect to his motion to amend is improper. Because Petitioner failed to properly object to the Report with specificity as to the motion to amend and aforementioned grounds, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.  The court does not find clear error.

With respect to Grounds One, Two, and Eight, this court has conducted a *de novo* review, and finds that the Magistrate Judge properly concluded that these grounds are procedurally defaulted.  The Magistrate Judge determined that because the aforementioned grounds were not properly raised in earlier state proceedings, this court cannot consider them.  *See Smith v. Murry*, 477 U.S. 527, 533 (1986).  Under South Carolina law, an issue is not preserved where it was not raised to and ruled on by a PCR judge.  *See Humbert v. State*, 548 S.E.2d 862, 866 (S.C. 2001).  Further, issues that could have been reviewed on direct appeal cannot be presented for the first time in a PCR application absent a claim for ineffective assistance of counsel. *Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993).

8

As a threshold matter, Petitioner seems to assert that he did not have access to the federal record in order to properly respond to Respondent's claims. Based on Petitioner's representations, it is not clear to this court whether Petitioner's former habeas counsel provided Petitioner with the motion for summary judgment and accompanying records. (*See* ECF No. 42). However, Petitioner was able to file an extensive response to the motion for summary judgment detailing his claims and the supporting law. Petitioner was also served with the Report and Recommendation of the Magistrate Judge (*see* ECF No. 41) such that he was able to file extensive objections. Accordingly, this court finds that Petitioner was not prejudiced in his ability to present his claims to the court or respond to the Report of the Magistrate Judge.

Contrary to the Magistrate Judge's findings, Petitioner contends that he properly preserved Grounds One, Two, and Eight for habeas review. In Ground One, Petitioner asserts that his due process rights were violated and that his trial counsel was ineffective where a witness was permitted to testify regarding statements made by a non-testifying witness. Following his conviction, Petitioner, through counsel, filed a direct appeal contesting the trial judge's decision to permit the hearsay testimony. Ultimately, the Supreme Court of South Carolina found that the trial court's decision to permit the inadmissible hearsay testimony was harmless error, and affirmed Petitioner's conviction. (ECF No. 18-4 at 145). Petitioner did not reassert the issue in his application for PCR nor in his motion to alter or amend following the PCR court's ruling. Because Petitioner did not present the issue asserted in Ground One of his habeas petition to the PCR court, the Magistrate Judge was correct in determining that Ground One is procedurally defaulted.

Second, in Ground Two, Petitioner asserts that his due process rights were violated and that his counsel was ineffective in that a favorable witness was not permitted to testify at his trial,

and as such, Petitioner contends that he was prohibited from presenting a complete defense. Although Petitioner presented the claim as an ineffective assistance of counsel claim in his original PCR application, during the hearing, Petitioner asserted that the claim was not about trial counsel's errors. (ECF No. 18-4 at 178). Petitioner also stated that the claim did not concern his appellate counsel's failure to raise the issue on appeal. (ECF No. 18-4 at 179). As a result, the PCR court found that the issue should have been raised at trial or on direct appeal. Because the issue was not presented on direct appeal, the PCR judge found that Petitioner waived the right to review, and denied relief on that allegation. (ECF No. 18-6 at 7-8). Petitioner again raised the issue as a due process violation in his motion to alter or amend, (ECF No. 18-5 at 5), which was denied by the PCR court. Accordingly, this court finds that though Petitioner raised Ground Two in his PCR application, the issue was not properly raised on direct appeal, so this court cannot consider the issue. Furthermore, the trial court's decision to prohibit Petitioner from calling the favorable witness was an evidentiary decision based on South Carolina law, and as such, not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (noting that federal habeas courts are limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States and are not to review state-court decisions for questions of state law.) Therefore, the Magistrate Judge was correct in determining that Ground Two is procedurally defaulted.

Finally, in Ground Eight, Petitioner alleges that the trial court did not have subject matter nor personal jurisdiction such that it was improper for the Richland County court to convict and sentence Petitioner. Petitioner did not raise the claim made in Ground Eight on direct appeal, nor did he raise the claim in his PCR application and evidentiary hearing. Petitioner first raised the claim made in Ground Eight in his motion to alter or amend the PCR court's order dismissing his

petition. (ECF No. 18-5 at 6). Because Ground Eight was not properly raised in his PCR application or to the PCR court prior to its initial ruling, the claim is not reviewable by this court. Accordingly, the Magistrate Judge properly found that Ground Eight was procedurally defaulted.

In accordance with the foregoing, this court adopts the recommendation of the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 40). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Petitioner's Motion to Amend (ECF No. 21) is **DENIED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

_J. Michelle Childs_

United States District Judge

February 26, 2016
Columbia, South Carolina

12