**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Keith A. Sims, #314569, ) | |
| ) | Civil Action No.: 1:14-cv-04661-JMC |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Robert Stevenson, Warden, Broad ) | |
| River Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Keith A. Sims ("Petitioner") filed this *pro se* Motion to Alter Judgment ("Motion to Alter," ECF No. 53) of the Order and Opinion ("Order," ECF No. 50) granting Respondent Robert Stevenson's ("Respondent") Motion for Summary Judgment (ECF No. 17), and dismissing Petitioner's Writ of Habeas Corpus Petition. ("Petition," ECF No. 1.)[1] Petitioner requests that the court reconsider and withdraw its Order on the basis that Grounds Three, Four, Five, Six, Seven, and Nine should be subject to *de novo* review, and that Grounds One, Two, and Eight should not be procedurally barred.[2] Petitioner asserts that his Motion to Amend (ECF No. 21) was not futile. For the reasons set forth herein, the court **DENIES** Petitioner's Motion to

---

[1] The Order also denied Petitioner's Motion to Amend. (ECF No. 21.)

[2] Petitioner alleged the following nine grounds for relief in his Petition: "(1) due process violation and ineffective assistance of counsel [("IAC")] for allowing a state's witness to testify to a non-testifying third party's hearsay statement; (2) due process violation and IAC for Petitioner being constitutionally deprived of the ability to put forth a complete defense; (3) IAC for failing to object to the State's closing argument which evaluated the credibility of witnesses against [Petitioner]; (4) defective indictment and prosecutorial misconduct; (5) IAC for failing to object to admission of irrelevant evidence and failure to move for a mistrial after evidence was disallowed; (6) IAC for failing to object to a burden shifting jury instruction; (7) IAC for failing to object to testimony on Petitioner's invocation of his constitutional rights; (8) IAC for failing to move to dismiss the case for lack of subject matter jurisdiction and personal jurisdiction; and (9) ineffective assistance of post-conviction relief counsel for failure to pursue certain claims." (ECF No. 50 at 3.)

Alter Judgment. (ECF No. 53.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently incarcerated at the MacDougall Correctional Institution within the South Carolina Department of Corrections ("SCDC").

On December 9, 2014, Petitioner filed a Petition for Writ of Habeas Corpus alleging multiple grounds for relief. (ECF No. 1.) On April 20, 2015, Respondent filed a Motion for Summary Judgment (ECF No. 17), and an accompanying Return and Memorandum to Petition for Writ of Habeas Corpus (ECF No. 18). On August 12, 2015, Petitioner filed a Response in Opposition. (ECF No. 39.) On November 30, 2015, the Report and Recommendation ("Report," ECF No. 40) was filed, recommending the court grant Respondent's Motion for Summary Judgment (ECF No. 17), deny Petitioner's Motion to Amend (ECF No. 21), and dismiss Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). On February 26, 2016, the court filed an Order (ECF No. 50), granting Respondent's Motion for Summary Judgment (ECF No. 17), denying Petitioner's Motion to Amend (ECF No. 21), and dismissing Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

On March 25, 2016, Petitioner filed a Motion to Alter Judgment (ECF No. 53). On April 11, 2016, Respondent filed a Response in Opposition to Petitioner's Motion to Alter (ECF No. 54), and on April 22, 2016, Petitioner filed a Reply to Respondent's Response. (ECF No. 55.)

## II. LEGAL STANDARD AND ANALYSIS

Rule 59(e) provides civil litigants the opportunity to petition the court to alter or amend a judgment within twenty-eight days after judgment is entered. Fed. R. Civ. P. 59(e). A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not

previously available; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). However, Rule 59(e) motions cannot be used as opportunities to rehash issues already ruled upon because the litigant is displeased with the result. *See Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works L.L.C.,* 2007 WL 2021901 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted.") "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac Ins. Co. v. Am. Nat'l Fire Ins. C*o., 148 F.3d 396, 403 (4th Cir. 1998).

Additionally, *pro se* filed documents should be "liberally construed," held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while *pro se* documents may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

The court finds that Petitioner's arguments in his timely filed Motion to Alter are simply a reiteration of points he previously argued in his Objection to the Magistrate Judge's Report. ("Objections," ECF No. 49.) First, Petitioner asserts that the Order should be reversed because of his "lack of being served with the record on federal habeas corpus." (ECF No. 53 at 3.) However, Petitioner has previously objected to not being "serve[d] with the full record." (ECF

3

No. 49 at 1; *see also* ECF No. 42 at 3.)  The court responded to this argument in its Order, and found that Petitioner had not been prejudiced in his ability to present his claims or respond to the court.  (ECF No. 50 at 9.)

In arguing that the court should alter its judgment, Petitioner draws heavily from arguments already raised in his Objections (ECF No. 49), and Response in Opposition.  (ECF No. 39.)  In regard to Ground One, Petitioner's arguments in his Motion to Alter (ECF No. 53 at 3-13) are essentially drawn verbatim from his Objections (ECF No. 49 at 2-10.)  In regard to Ground Two, Petitioner's arguments (ECF No. 53 at 14-25) are largely a restatement of his Ground Two arguments from his Objections (ECF No. 49 at 12-24.)[3]  In regard to Ground Three, Petitioner's arguments (ECF No. 53 at 26-28) are largely a restatement of his Ground Three arguments from his Objections (ECF No. 49 at 26-28.)  In regard to Ground Four, Petitioner's arguments (ECF No. 53 at 30-33) are largely a restatement of his Ground Four arguments from his Objections (ECF No. 49 at 29-30, 35-37 & 39.)  In regard to Ground Five, Petitioner's arguments (ECF No. 53 at 35-39) are largely a restatement of his Ground Five arguments from his Objections (ECF No. 49 at 39-44.)  In regard to Ground Six, Petitioner's arguments (ECF No. 53 at 41-46) are largely a restatement of his Ground Six arguments from his Objections (ECF No. 49 at 45-46), and his Response in Opposition.  (ECF No. 39-1 at 27-29.)  In regard to Ground Seven, Petitioner's arguments (ECF No. 53 at 47-52) are largely a restatement of his Ground Seven arguments from his Objections (ECF No. 49 at 47-50), and his Response in Opposition.  (ECF No. 39-1 at 30-32.) In regard to Ground Eight, Petitioner's arguments (ECF No. 53 at 53-55) are largely a restatement of his Ground Eight arguments from his Response in

---

[3] Though Petitioner sometimes adds additional information or case law to his Motion to Alter (*See* ECF No. 53 at 18, discussing *Washington v. Texas*, 388 U.S. 14 (1967)), his arguments in support of his Motion to Alter are largely drawn directly from his Objections (ECF No. 49) and Response in Opposition.  (ECF No. 39.)

4

Opposition. (ECF No. 39-1 at 33-34.) In regard to Ground Nine, Petitioner's arguments (ECF No. 53 at 57-59) are largely a restatement of his Ground Nine arguments from his Objections (ECF No. 49 at 52-53), and his Response in Opposition. (ECF No. 39 at 19-20.)

Again, motions to alter or reconsider cannot be used as opportunities to rehash issues already ruled upon because the litigant is displeased with the result. *See Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993). The court reviewed Petitioner's Objections when granting Respondent's Motion for Summary Judgment (ECF Nos. 50, 51). Petitioner has not put forth any new evidence, and the court finds that there has been no clear error of law or a manifest injustice.

The court remains steadfast in its conclusion that Petitioner has not made a showing of good cause to allow for the court to alter its judgment.

### III. CONCLUSION

Upon careful consideration of Petitioner's arguments, and for the reasons set forth above, the court hereby **DENIES** the Motion for Alter Judgment (ECF No. 53) of Petitioner Keith A. Sims.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*

United States District Judge

March 8, 2017
Columbia, South Carolina